IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LOJY AIR COMPANY**, an Egyptian Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**GLOBAL FINANCIAL & LEASING, INC.**, an Oregon corporation, and **RICHARD KEITH WARD**,<br><br>    Defendants. | Case No. 3:17-cv-920-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on June 6, 2023. Judge You recommended that this Court grant Defendants' motion for summary judgment because Plaintiffs could not show that the parties entered into a valid and enforceable settlement agreement.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection, to which Defendants timely responded. Plaintiff objects that there is an issue of fact regarding whether the parties entered into a valid settlement agreement in 2014 and further objects that Defendants should be judicially estopped from claiming otherwise. Because the Court agrees that there is an issue of fact whether the parties reached a valid settlement agreement, the Court declines to address whether Defendants should be judicially estopped from asserting that there was no settlement, despite representing to the U.S. District Court on June 9, 2014, that the case had settled and obtaining the benefit of dismissal of the previous case against Defendants based on that representation.

This motion is unlike the previous motion before the Court, in which Defendants sought to enforce a purported 2017 settlement agreement as a matter of law. In that motion, the Court evaluated whether Defendants had proven all the elements of an enforceable contract without dispute. Here, Defendants are moving for summary judgment that there is no enforceable 2014 settlement agreement. Thus, Plaintiff merely needs to show that there is a disputed material issue of fact regarding whether there was a meeting of the minds with respect to the material terms in

reaching an enforceable settlement agreement. Plaintiff is not moving for summary judgment to enforce the 2014 settlement agreement, and thus Plaintiff does not need to prove all the elements of an enforceable contract, although Plaintiff will need to do so at trial.

The record shows that then-counsel for Plaintiff and then-counsel for Defendants negotiated settlement terms through email. After then-counsel for Plaintiff emailed to inquire if the parties were "on the same page" about the terms they had been negotiating for several days, then-counsel for Defendants responded that the parties "have a deal." Then-counsel for Defendants emailed the Court and stated that the case had settled. He testified during deposition in this case that it was his professional opinion the parties had reached an agreement on all material terms to settle this case and that he would not have emailed the Court stating the case had settled if he did not believe it had settled. This evidence, viewed in the light most favorable to Plaintiffs, is sufficient at this stage of the litigation to create a triable issue of fact whether the parties had a meeting of the minds at that time as to whether the case had settled. *See Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138, 153 (2001) (law requires evidence of "mutual assent" whether "expressed through an offer and acceptance" or "manifested by conduct").

The Court declines to adopt the Findings and Recommendation (ECF 76). For the reasons discussed in this Order, the Court DENIES Defendants' Motion for Summary Judgment (ECF 68).

**IT IS SO ORDERED.**

DATED this 4th day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER